UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL,

    Petitioner,

v.                                       Case No.:  2:23-cv-301-SPC-NPM

SHEVAUN HARRIS,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Wendall Hall's Objections to Magistrates Order (Doc. 25). Hall is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC) because a state court found him to be a sexually violent predator. He filed this habeas action to challenge the constitutionality of his civil commitment proceedings. Hall also filed a Motion for Bail or Bond (Doc. 6), requesting that the Court order his immediate release from the FCCC.

United States Magistrate Judge Nicholas Mizell denied Hall's motion for immediate release:

> "A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances: first, he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; second, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought." *Gomez v. United*

> *States*, 899 F.2d 1124, 1125 (11th Cir. 1990). Hall fails to satisfy either requirement.
>
> Although his petition invokes the Fourteenth Amendment, it is based on alleged violations of Florida statutes. Hall has not stated a substantial constitutional claim, and he is not likely to win federal habeas relief. Nor has Hall identified any extraordinary or exceptional circumstances to overcome the principles of federalism and comity that "require a federal habeas court to tread lightly before interfering with a state's execution of a valid sentence by ordering release on bond." *Wilson v. Sec'y, Dep't of Corr.*, No. 8:15-cv-2084-T-33EAJ, 2016 WL 10891522, at *1 (M.D. Fla. Nov. 15, 2016). Accordingly, Hall's motion for release (Doc. 6) is DENIED.

(Doc. 18). Hall argues Judge Mizell's order conflicts with Supreme Court precedent. The Court is not persuaded.

A district judge "may reconsider any pretrial matter…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court finds nothing "clearly erroneous" or "contrary to law" in Judge Mizell's order.

Hall's habeas petition states two procedural-due-process grounds. First, Hall claims he was not served with the commitment petition as required by Florida law. Second, Hall claims the commitment petition was filed outside the applicable Florida statute of limitations. Federal habeas relief is only warranted if the petitioner "is in custody in violation of the Constitution or

laws…of the United States." 28 U.S.C. § 2254(a).[1] "A state court's decision cannot be contrary to, or involve an unreasonable application of, 'clearly established Federal law, as determined by the Supreme Court,' 28 U.S.C. § 2254(d)(1), unless there is a Supreme Court decision on point." *Nance v. Warden, Ga. Diagnostic Prison*, 922 F.3d 1298, 1304 (11th Cir. 2019). Hall cites a slew of Supreme Court and appellate court opinions about service of process, statutes of limitations, and the 14th Amendment. But those cases relate to Hall's habeas claims only in the sense that they discuss some of the broad legal principles on which Hall relies. They are not on point.

Judge Mizell's determination that Hall has not demonstrated a likelihood of success on the merits is not clearly erroneous. What is more, while Hall makes a conclusory claim that extraordinary circumstances justify immediate release, he does not identify any such circumstance. Accordingly, Hall's objections to Judge Mizell's Order (Doc. 18) are **OVERRULED**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 11, 2023.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

---

[1] Habeas petitions filed under § 2241 by those in custody pursuant to a state court judgment are "governed by and subject to the rules and restrictions found in § 2254." *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004).