UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL,

    Petitioner,

v.                                                       Case No.:  2:23-cv-301-SPC-NPM

SHEVAUN HARRIS,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Wendall Hall's § 2241 Habeas Corpus Petition (Doc. 1) and Respondent Shevaun Harris's Motion to Transfer Case (Doc. 24). Hall is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC) because a Florida court deemed him a sexually violent predator. Hall asserts two grounds for habeas relief: (1) the State of Florida did not serve him with a physical copy of the commitment petition, summons, or probable cause order and (2) the commitment petition violated Florida's statute of limitations.

Harris asks the Court to transfer this case to the Northern District of Florida as a more convenient forum. Harris's motion also alerts the Court to the prior habeas case Hall filed in the Northern District—*Hall v. Poppell*, 3:21-

cv-522-MCR-HTC.[1]  Hall asserts four habeas grounds in that case, including the two he asserts here.  The district court denied Hall's petition, and Hall appealed.  The case is currently pending before the Eleventh Circuit as Case NO. 22-12120-E.

The petition Hall filed in this Court is duplicative of Hall's other pending habeas action.  The Eleventh Circuit explained how federal courts treat duplicative civil cases:

> It is well established that as between federal courts, the general principle is to avoid duplicative litigation.  This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.  Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions.  Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.

*I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1552 (11th Cir. 1986) (cleaned up).  The Court will dismiss this action.  The dismissal is without prejudice, but depending on the outcome of Hall's prior habeas case, a future habeas petition might be barred as successive.

Accordingly, it is now

**ORDERED:**

---

[1] Harris replaced Chad Poppell as the Secretary of Florida's Department of Children and Families, so the parties to this case are the same as Hall's prior habeas action.

Petitioner Wendall Hall's § 2241 Habeas Corpus Petition (Doc. 1) is **DISMISSED without prejudice**, and Respondent's Motion to Transfer Case (Doc. 24) is **DENIED as moot**. The Clerk is **DIRECTED** to terminate any pending deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 1, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record